Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
T: (619) 233-7770
F: (619) 297-1022

Attorneys for Catherine Toliver

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Catherine Toliver<br><br>                    Plaintiff,<br><br>v.<br><br>Legal Recovery Law Offices, Inc. and Portfolio Recovery Associates, LLC | Case No: '14CV0025 GPC KSC<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Catherine Toliver, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Legal Recovery Law Offices, Inc. ("Legal Recovery") and Portfolio Recovery Associates, LLC, ("Portfolio") ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

///

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff resides in the city of San Diego within the County of San Diego, California.

11. Defendant Portfolio regularly operates within the county of San Diego and files hundreds of lawsuits, including one against Plaintiff in the San Diego Superior Court. This lawsuit is one of the actions that gives rise to Plaintiff's claim.

12. Because Defendant Portfolio does business and has the capacity to sue within the County of San Diego, State of California, personal jurisdiction is established. and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

13. Defendant Legal Recovery regularly operates within the county of San Diego and was retained by Defendant Portfolio to attempt to collected on an alleged consumer debt and file a collection lawsuit against Plaintiff in San Diego County. This collection activity and lawsuit is the action that gives rise to Plaintiff's claim.

14. Because Defendant Legal Recovery does business and has the capacity to sue within the County of San Diego, State of California, personal jurisdiction is established. and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

15. Because a substantial part of the events giving rise to the claim occurred in San Diego County, CA, venue is also proper pursuant to 28 U.S.C. § 1391(b)(2).

16. Because Defendants do business within the County of San Diego, State of California, personal jurisdiction is established.
17. Venue is proper pursuant to 28 U.S.C. § 1391.
18. At all times relevant, Defendants conducted business within the County of San Diego, the State of California.

### PARTIES

19. Plaintiff is a natural person who resides in the City of San Diego, State of California.
20. Defendant Legal Recovery is located in the City of San Diego, in the State of California.
21. Defendant Portfolio is located in the City of Norfolk, in the State of Virginia.
22. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
23. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).
24. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).
25. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).
26. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

27. Sometime before September 2013, Plaintiff is alleged to have incurred certain financial obligations.

28. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

29. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

30. Sometime thereafter, but before September 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

31. Subsequently, but before September 2013, the alleged debt was assigned, placed, or otherwise transferred, to Portfolio for collection.

32. Subsequently, but before September 2013, Defendant, Portfolio, a debt collector pursuant to the FDCPA, retained Defendant, Legal Recovery also a debt collector pursuant to the FDCPA to proceed with collection and legal action if necessary against Plaintiff for the collection of Plaintiff's alleged financial obligations.

33. Pursuant to the instructions of Defendant, Portfolio, Defendant, Legal Recovery in the name of Portfolio, filed a state collection case against Plaintiff on August 2, 2013 in the San Diego Superior Court based on a consumer account that was allegedly in default, Case No. 37-2013-61131-CL-CL-CTL.

34. On August 14, 2013 Plaintiff was served with the summons and complaint.
35. On or about August 18, 2013, Legal Recovery, at the instruction of Portfolio, mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.
36. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).
37. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.
38. This August 18, 2013 letter was intended to influence Plaintiff to settle the alleged debt by making a payment.
39. As part of the reasoning for settlement, the letter stated the following:

> "Resolving your account today can avoid the service or the lawsuit by our process server, the unnecessary costs of proceeding to trial, and can avoid our office obtaining a judgement against you."

40. This statement is false, deceptive, and misleading in many ways.

*Service of Process*

41. Legal Recovery knew that it was blatantly false to state that resolving the account could avoid service of process; Plaintiff was already served four (4) days prior to the printing of this letter. The embarrassment and anxiety of being served by a process server already took place.
42. Legal Recovery made that statement to mislead Plaintiff.
43. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).
44. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

1  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

45. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

*Presumed Judgement*

46. The lat part of the statement is also misleading. Defendants imply to Plaintiff that the only way to avoid a judgment, would be for Plaintiff to resolve the account by making a payment.

47. If the case proceeded to trial, Plaintiff very well could have prevailed, and thereby not be responsible to cost and have a judgement.

48. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

49. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

50. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

*Vicarious Liability*

51. At all relevant times, Legal Recovery was an authorized agent of Portfolio as Portfolio's attorneys.

52. Pursuant to *Fox v. Citicorp Credit Services* 15 F.3d 1507, 1505, the actions of the attorney are to be inputed to the client on whose behalf the are taken.

53. At all relevant times, the actions taken by Legal Recovery were in the scope of the agency relationship and in furtherance of Portfolio's interest and are imputed upon Portfolio.

54. Because prior to these above described debt collection activities occurring, Portfolio had retained Legal Recovery as Portfolio's legal representative for the sole purpose of collecting Portfolio's debts, and because Legal Recovery was Portfolio's legal representative at the time the above described debt collection activities took place, and even continues to be Portfolio's legal representative today, and because the above described debt collection activities, acts and omissions of Legal Recovery were conducted by Legal Recovery at the direction and control of Portfolio, Legal Recovery's activities, acts and omissions are imputed on Portfolio under the common law doctrine of agency, that is, respondeat superior, generally, and vicarious liability, specifically.  Consequently, any liability of Legal Recovery is also the liability of Portfolio, as Legal Recovery was attempting to collect debts for Portfolio and acting at the direction and control of Portfolio, when those illegal activities, acts and omissions occurred.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

57. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

60. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: January 3, 2014                    By: /s/Jessica R. K. Dorman
                                              Jessica R. K. Dorman
                                              Attorneys for Plaintiff

**HYDE & SWIGART**
San Diego, California